UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

 v.            Case No. 24-CR-101

RUMEAL CAMPBELL, et al.,

      Defendants.

## RECOMMENDATION AND ORDERS REGARDING THE DEFENDANTS' PRETRIAL MOTIONS

**1. Procedural History**

On May 14, 2024, the grand jury in this district returned a ten-count indictment charging four individuals with various violations of federal law. (ECF No. 1.) Count One alleged an armed robbery conspiracy beginning in approximately December 2021, continuing through approximately December 5, 2022, and involving all four defendants. (*Id.*) Counts Two through Six charge defendants Rumeal Campbell and/or Dontrell Tate with crimes relating to two robberies that took place in January 2022. (*Id.*) Counts Seven through Ten charge defendants Darnell Gurley and/or Sheprio Vetaw with crimes relating to a robbery that took place in December 2022. (*Id.*)

Preliminary motions from defendants Campbell, Tate, and Vetaw are before the Court. (ECF Nos. 42, 45, 46, 53.) The Government responded to each motion (ECF Nos. 54, 55, 63), and the defendants have replied (ECF Nos. 56, 57, 64).

**2. Facts**

The following alleged facts are taken from the Government's briefs (ECF Nos. 54, 55, 63) as reported to police and revealed during the investigation, and from the defendants' briefs (ECF Nos. 42, 45, 46).

On January 30, 2022, three individuals robbed both a Family Dollar store and a B.P. gas station. (ECF No. 54 at 2-4.) Police officers were dispatched at approximately 6:31 p.m. for a shooting and armed robbery at a Family Dollar store located at 6000 West Silver Spring Drive in Milwaukee. (*Id.* at 2.) The individuals have since been identified as Campbell, Tate, and Jerome Williams. (*Id.* at 6.) They entered the store, one of them discharged a firearm into the ceiling, and they stole approximately $327 from the cash registers. (*Id.* at 2.) The robbery occurred in the presence of store employees and customers. (*Id.* at 2.) The individual who discharged the firearm has been identified as Campbell. (*Id.* at 6.) The individuals left in a Chrysler 200. (*Id.* at 2.)

A little over an hour later, at approximately 7:42 p.m., the same Chrysler 200 arrived at a B.P. gas station located at 8920 West National Avenue in West Allis. (ECF No. 54 at 2.) Two armed individuals entered the gas station, "brandished firearms to the clerk," "shoved their firearms … to the store employee's head and body," and stole

2

Case 2:24-cr-00101-PP    Filed 12/10/24    Page 2 of 19    Document 68

approximately $23,000 from cash registers and file cabinets. (*Id.* at 2-3.) Images show the individual identified as Campbell holding a gun to the clerk's head. (*Id.* at 5.)

These two robberies were unsolved for nearly a year. (ECF No. 54 at 5.)

Ten months later, on December 5, 2022, four individuals robbed a 7-ELEVEN store located at 3301 North Oakland Avenue in Milwaukee. (ECF No. 54 at 5-6.) The individuals were identified as Tate, Williams, Gurley, and Vetaw. (*Id.* at 6.) During the robbery, a store clerk was injured by being "pistol-whipped, kicked, had a portion of his hair pulled from his head, and his glasses broken." (*Id.*) Vetaw was later identified as the gunman and Gurley as a lookout. (ECF No. 63 at 3.) A vehicle and foot pursuit followed the robbery, and Tate and Williams were apprehended. (*Id.*) The officers recovered a gun from Tate, which was the same gun discharged during the January 30 robbery. (*Id.*)

Tate and Williams were indicted in the Eastern District of Wisconsin in case number 23cr34 for the December 2022 robbery following their arrests. (ECF No. 63 at 3-4.) A cooperating individual revealed the identities of the persons involved in both robberies, including his own role, leading to the current indictment. (ECF No. 54 at 6.)

Williams, Tate, Campbell, and Vetaw all traveled from either Illinois or Indiana to this district to commit the crimes. (ECF No. 63 at 3.) During the time of the first two robberies, Vetaw was in prison in Illinois. (ECF No. 45 at 2.) Campbell does not know

3

Gurley or Vetaw. (ECF No. 56 at 2.) Williams, Tate, and Campbell are all members of various factions of the Gangster's Disciples street gang. (ECF No. 63 at 3.)

**3. Analysis**

   **3.1 Tate's Motion to Dismiss**

Tate filed a motion to dismiss Count One on the ground that it violates his right against self-incrimination. (ECF No. 53 at 2-3.) Tate has already plead guilty to and been sentenced for the December 5 armed robbery. (*Id.*) He contends that using his statements from the robbery charge to prove elements of the conspiracy charge in Count One makes him a witness against himself in violation of his Fifth Amendment right against self-incrimination. (*Id.*)

Tate's argument conflicts with Supreme Court precedent. By pleading guilty to the December 5 crime, Tate waived his right against self-incrimination. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Therefore, any statements he made in connection with his guilty plea relating to the December 5 armed robbery may be used to prove elements of the conspiracy charge in Count One.

The Government reads a double jeopardy argument into Tate's brief, but Tate made no such argument and thus it is waived. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) (arguments not raised in initial brief are waived); *see also Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("[P]erfunctory and undeveloped arguments, and

arguments that are unsupported by pertinent authority, are waived." (quoting *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003)).

The Court will recommend that Tate's Motion to Dismiss Count One (ECF No. 53) be denied.

**3.2 Vetaw's Motion for a Bill of Particulars**

Vetaw filed a motion for a bill of particulars to "reveal how [he] is a member of a conspiracy from December 2021 through December 5, 2022." (ECF No. 45 at 3.) He argues that he "has not been provided sufficient notice regarding count one and cannot adequately prepare for trial. There have not been any facts alleged that can establish how [he] was a part of this year-long conspiracy with the three other charged defendants." (*Id.* at 4.)

The government responds that a bill of particulars is unnecessary because the indictment and the extensive discovery it provided sufficiently apprise Vetaw of the charges against him and enable him to prepare a defense. (ECF No. 55 at 4-5.)

Federal Rule of Criminal Procedure 7(f) permits the court to order the government to provide a defendant with a bill of particulars. "The purposes of a bill of particulars are to inform the defendant of the nature of the charge against her to enable her to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable her to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite." *United States v. Brown*,

No. 14-cr-82, 2015 U.S. Dist. LEXIS 6667, at *10-12 (E.D. Wis. Jan. 21, 2015) (citing *United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984)). "Whether to require a bill of particulars rests within the sound discretion of the district court." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003).

The "bill-of-particulars analysis is similar to the constitutional sufficiency-of-the-indictment analysis; 'in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). "[A] bill of particulars [is] unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense." *Hernandez*, 330 F.3d at 975. "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Blanchard*, 542 F.3d at 1140; *see also United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

"Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information 'is available through some other satisfactory form,' such as discovery.'" *Blanchard*, 542 F.3d at 1140 (quoting *Hernandez*, 330 F.3d at 975); *see also Vaughn*, 722 F.3d at 927. Moreover, while a defendant is entitled to know the offense with which he is charged, the government need not

disclose all the details of how it will prove its case. *Blanchard*, 542 F.3d at 1141 (citing *Fassnacht*, 332 F.3d at 445); *see also United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) ("It is established that 'a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.'" (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979))); *United States v. Douglas*, No. 5-cr-21, 2005 U.S. Dist. LEXIS 13163, at *12 (W.D. Wis. June 27, 2005) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)) ("[A] bill of particulars under F. R. Crim. Pro. 7(f) is not designed to provide the defendant with a detailed disclosure of the government's witnesses, legal theories or evidentiary detail."). Thus, a motion for a bill of particulars should not be confused with a request to admit or an interrogatory; it is not a discovery tool. S*ee United States v. Vest*, No. 6-cr-30011, 2006 U.S. Dist. LEXIS 52135, at *10 (S.D. Ill. July 28, 2006).

The present indictment identifies the date range of the conspiracy, the nature of the offenses, and the names of the co-conspirators. (ECF No. 1.) Furthermore, the government is following its expanded discovery policy. (ECF No. 55 at 4-5.) Any additional information Vetaw seeks is the sort of information the Court expects to be included in discovery and that he may obtain through the expanded discovery policy.

Vetaw's motion for a bill of particulars (ECF No. 45) will be denied.

**3.3 Severance**

Campbell and Vetaw both argue that Count One improperly joins defendants Campbell and Tate with defendants Gurley and Vetaw. (ECF No. 42 at 3; ECF No. 46 at 3.) They also argue that Counts Two through Six (charging Campbell and Tate in connection with the January robberies) and Counts Seven through Ten (charging Gurley and Vetaw in connection with the December robbery) are improperly joined. (ECF No. 42 at 3; ECF No. 46 at 3.)

Alternatively, Campbell, Vetaw, and Tate all make various arguments for severance based on prejudice. (ECF No. 42 at 3; ECF No. 46 at 5-6; ECF No. 53 at 3-5.)

**3.3.1 Joinder under Rule 8**

Campbell and Vetaw argue that the defendants were improperly joined because they participated in separate acts and transactions—robberies occurring ten months apart with different actors, victims, and witnesses—and the acts lack a common scheme or plan beyond that of a typical armed robbery. (ECF No. 42 at 3; ECF No. 46 at 4.)

Federal Rule of Criminal Procedure 8(b) permits charging two or more individuals in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Court of Appeals for the Seventh Circuit has interpreted this as a requirement that the offenses in the indictment emerge from "a common plan or common scheme," *United States v. White*, 737 F.3d 1121, 1132 (7th Cir. 2013) (quoting

*United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985)), or "well up out of the same series of … acts." *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998). Precedent from the Seventh Circuit "make[s] plain that there is a strong policy preference in favor of the joinder of qualifying charges and that the rule must be broadly construed," *United States v. Alexander*, 135 F.3d 470, 476 (7th Cir. 1998), "in order to enhance judicial efficiency," *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007) (quoting *United States v. Stillo*, 57 F.3d 553, 556 (7th Cir. 1995)). The face of the indictment, rather than the evidence that supports that indictment, determines the propriety of joinder. *United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013) (quoting *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003)).

An indictment that charges a single conspiracy alleges "the same series of acts (the exact same acts, as a matter of fact)." *Velasquez*, 772 F.2d at 1353. Thus, "[i]t is well-established that a conspiracy charge is a proper basis for joinder under Rule 8(b)." *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987) (citing *United States v. Dounias*, 777 F.2d 346, 348 (7th Cir. 1985)); *see also Stillo*, 57 F.3d at 557. "Rule 8(b) only requires that the conspiracy be alleged—there is no requirement that the government demonstrate, at the pleading stage, sufficient evidence to support joinder." *Garner*, 837 F.2d at 1412 (quoting *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987)). A joint trial of all defendants charged in a single conspiracy is presumptively appropriate. *United States v. Bond*, 847 F.2d 1233, 1240 (7th Cir. 1988).

Where the common plan or scheme is an overarching conspiracy, it will be proper to charge in a single indictment not only those involved in the conspiracy but also individual offenses done in furtherance of the conspiracy. *See United States v. Williams*, 553 F.3d 1073, 1078-79 (7th Cir. 2009) (finding it was proper to join all counts and try all co-defendants together where defendants were charged with a series of armed robberies and one charge for conspiracy to commit armed robbery connecting all counts, even where a defendant played a "relatively minor role").

The indictment alleges robberies pertaining to each defendant and a single underlying conspiracy connecting the robberies. (ECF No. 1.) This is enough for proper joinder of all counts and defendants under Rule 8. *Garner*, 837 F.2d at 1412; *see also Williams*, 553 F.3d at 1079 ("Although the government did not charge [the defendant] with every one of [the robbery] counts …, the indictment relates the charges against [the defendant] to the charges against the other defendants through the conspiracy charge. So the conspiracy charge is a proper basis for joinder because it sufficiently links the various robberies for Rule 8(b) purposes."); *United States v. Ashford*, No. 15-cr-108, Dkt. 181, at *13 (E.D. Wis. Oct. 20, 2025) ("With regard to [the defendant's] Rule 8 argument, the indictment charges only a single count in which every defendant is charged. Because each defendant is charged with the same offense, joinder is plainly proper under Rule 8(b).").

Thus, joinder of all counts and defendants was proper under Rule 8.

10
Case 2:24-cr-00101-PP   Filed 12/10/24   Page 10 of 19   Document 68

### 3.3.2 Prejudice under Rule 14(a)

Even when joinder is proper under Rule 8, a court has the discretion to order separate trials when "joining offenses … for trial appears to prejudice a defendant." Fed. Crim. P. 14(a). The burden is on the defendant to make a "strong showing of prejudice," *United States v. Moya-Gomez*, 860 F.2d 706, 768 (7th Cir. 1988), which requires showing more than that conducting separate trials increases the defendant's chances of obtaining an acquittal, *United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008). The defendant "must rebut the dual presumptions that a jury will (1) capably sort through the evidence and (2) follow limiting instructions from the court to consider each [count] separately." *Stillo*, 57 F.3d at 557.

Campbell and Vetaw argue that joinder of Campbell and Tate to Gurley and Vetaw prejudices them by allowing evidence of a robbery or robberies they did not commit to spill over into evidence of the other robbery/robberies, creating a risk that the evidence will cumulate in the jurors' minds. (ECF No. 42 at 3; ECF No. 46 at 4-5.) Vetaw adds that this spillover evidence will include "highly inflammatory facts," such as how during the January robberies "a gun was held to a child's head in the store, a gun was fired in a store full of customers, and a substantial amount of money was taken." (ECF No. 46 at 5.) He argues that jury instructions "cannot compartmentalize these facts in jurors' minds to only specific defendants." (*Id.*)

The government responds that the robbery Vetaw is charged with was itself violent and, unlike the January robberies, resulted in injury to one of the victims. (ECF No. 55 at 10.) The government further argues that the defendants do not establish actual prejudice, and "[a]ny potential prejudice can be cured by proper instructions to the jury that it must consider each defendant separately in rendering a verdict as to each count." (ECF No. 54 at 13; ECF No. 55 at 11.)

Severance under Rule 14 is required only if the defendant cannot receive a fair trial absent severance. *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000); *see also White*, 737 F.3d at 1133 (citing *Berg*, 714 F.3d at 496). "[A] simple disparity in the evidence" is insufficient to support a motion for severance. *United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990); *see also United States v. Del Valle*, 674 F.3d 696, 705 (7th Cir. 2012) (citing *United States v. Serpico*, 320 F.3d 691, 696 (7th Cir. 2003)). "There will inevitably be some differences among defendants tried together." *United States v. Benabe*, 436 F. App'x 639, 646 (7th Cir. 2011).

"[A]s a basis for requiring severance, 'evidentiary spillover' has been rejected." *United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) (citing cases). Matters of "evidentiary spillover" can be, and routinely are, addressed with jury instructions. *See id*. Jury instructions sufficiently mitigate the risk that evidence of a defendant's association with others involved in unrelated criminal conduct will result in his

conviction. *See United States v. Freland*, 141 F.3d 1223, 1227 (7th Cir. 1998); *United States v. Mohammad*, 53 F.3d 1426, 1432 (7th Cir. 1995).

In cases such as this, where the defendants were jointly indicted and charged with a conspiracy, there is a presumption in favor of conducting a joint trial. *Caliendo*, 910 F.2d at 437. The following witnesses and testimony are likely to be common to each count: Williams's testimony as to each defendant's involvement in the conspiracy, including his and Tate's involvement in each robbery; testimony regarding the same firearm that was allegedly used in all three robberies; and testimony regarding the defendants' same alleged scheme, whereby the defendants traveled from Indiana or Illinois to the Eastern District of Wisconsin to commit armed robberies, with one individual acting as a gunman and one keeping lookout. (ECF No. 54 at 2-6.) Trying these defendants and counts together enhances judicial efficiency and provides "the jury [with] the best perspective on all the evidence and therefore increases the likelihood of a correct outcome." *Caliendo*, 910 F.2d at 437 (quoting *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987)).

Campbell and Vetaw have not shown actual prejudice to rebut the presumption of conducting a joint trial. The evidence against them relates to distinct robberies with specifically identified actors, making it "easy for the jury to compartmentalize the evidence involving" the different defendants. *See Stillo*, 57 F.3d at 557 (rejecting argument of "prejudicial spillover" from separate offenses). "If there is a risk of

13
Case 2:24-cr-00101-PP   Filed 12/10/24   Page 13 of 19   Document 68

prejudice, measures such as proper limiting instructions … suffice to cure the risk that one defendant will be convicted on account of another defendant's actions." *See Mohammad*, 53 F.3d at 1432. Thus, Campbell and Vetaw have failed to carry their burden to show that spillover evidence warrants severance of the defendants under Rule 14(a).

Tate similarly argues that Count One should be severed from the other counts against him due to spillover prejudice. (ECF No. 53 at 3-4.) Tate has confessed to the December robbery, evidence which can come in to prove the underlying offense in Count One, the conspiracy charge. Trying Count One with the robbery charges in Counts Two through Five will allow "the jury [to] hear … Tate's confession to the underlying crime in Count One at the same trial where he is being accused of two other robberies that occurred" earlier that year. (*Id.* at 3.) Tate claims this creates a risk that the evidence will "culminate in the jurors' minds." (*Id.* at 4.)

Tate has not met his burden to make a strong showing that he will be prejudiced to such an extent that outweighs the strong preference for trying crimes indicted together at the same time and in a manner "in which all facets of the crime can be explored once and for all." *United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011) (quoting *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009)). Specifically, he has not shown that evidence of his involvement in the December robbery would not come in against him in Counts Two through Five "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States*

*v. Copeland*, No. 11-4-cr-1, 2001 WL 789440, at *4 (S.D. Ind. July 12, 2001) (quoting Fed. R. Evid. 404(b)) (rejecting argument for severance based on the fact that the jury would hear evidence of the defendant's guilty plea to other charges of the same act, because the evidence could come in to show motive, intent, and knowledge); *see also United States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002) ("[P]rejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts.").

To the extent that a risk of prejudice exists, Tate has failed to show that it cannot be successfully mitigated through other measures, such as appropriate limiting instructions to the jury. *See United States v. Morales*, 655 F.3d 608, 625 (7th Cir. 2011) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *see also United States v. Quilling*, 261 F.3d 707, 715 (7th Cir. 2001) (noting jury instructions are an adequate safeguard against the risk of prejudice in the form of jury confusion and evidentiary spillover due to evidence not otherwise admissible against a defendant).

Severing Count One would result in judicial inefficiency. The evidence and witnesses for Counts Two through Ten establish the underlying crimes for the Count One conspiracy against all four defendants. Tate's speculation of prejudice is insufficient to overcome the longstanding "presumption in favor of conducting a joint trial for persons [and crimes] [that] have been jointly indicted, especially in situations such as this where the indictment charges a conspiracy." *Caliendo*, 910 F.2d at 437. The burden

imposed by severance outweighs the speculative burden of prejudice to Tate through the presentation of evidence inadmissible against him in Counts Two through Five. Thus, the Court will deny Tate's motion for severance of Count One.

Vetaw and Tate argue that certain defendants must be severed due to potential *Bruton* issues under the Confrontation Clause. (ECF No. 46 at 6; ECF No. 53 at 4.) The Sixth Amendment Confrontation Clause guarantees the right to cross-examine a witness should their statement be introduced against your interest at trial. A potential violation of the Confrontation Clause exists if the government intends to admit a statement of one co-defendant against another defendant. *Bruton v. United States*, 391 U.S. 123, 127 (1968). But the Confrontation Clause does not bar the admission of a non-testifying defendant's confession where: (1) the confession has been modified to avoid directly identifying a non-confessing co-defendant; and (2) the court offers a limiting instruction that jurors may consider the confession only with respect to the confessing defendant. *Samia v. United States*, 599 U.S. 635, 640 (2023).

Vetaw argues that he should be severed from Gurley because their joinder raises a potential *Bruton* issue. (ECF No. 46 at 6.) Gurley identified Vetaw as being on scene on December 5 and gave statements about Vetaw's involvement along with his own self-incriminating statements. (*Id.*) If the government were to introduce these statements, and Gurley did not testify, *Bruton* would be implicated. However, the government could still potentially use Gurley's statement without running afoul of the Sixth Amendment

by redacting the statement or introducing it through law enforcement testimony to delete any reference to Vetaw. *Samia*, 599 U.S. at 640-53 (finding the Confrontation Clause was not violated where the government introduced defendant's confession that inculpated co-defendants and, to avoid *Bruton* issues, had an agent testify to the content of the confession in a way that eliminated the co-defendant's name while avoiding any obvious indications of redaction).

The appropriate resolution of Vetaw's motion will be significantly impacted by who testifies at trial and how the evidence is introduced. Thus, the Court will deny without prejudice Vetaw's motion to sever (ECF No. 46) based on a potential *Bruton* violation.

Tate similarly argues that he should be severed from Gurley and Vetaw because of potential *Bruton* issues. (ECF No. 53 at 4.) Tate made statements about two unnamed co-actors in the December robbery, whom the government now charges as Gurley and Vetaw. Tate states that a *Bruton* issue exists if the government plans to admit Tate's statements against Gurley or Vetaw. (*Id.*) Any such *Bruton* issues are uncertain at this time and can likely be avoided by altering the manner of introducing the evidence, as explained above. Regardless, these issues would be in potential violation of *Gurley's* and *Vetaw's* Fifth Amendment rights, not Tate's. Thus, Tate's motion to sever (ECF No. 53 at 4) will be denied.

17
Case 2:24-cr-00101-PP    Filed 12/10/24    Page 17 of 19    Document 68

4. Conclusion

For the reasons set forth above,

**IT IS THEREFORE RECOMMENDED** that Tate's Motion to Dismiss Count One (ECF No. 53) be **denied**.

**IT IS THEREFORE ORDERED** that Vetaw's motion for a bill of particulars (ECF No. 45) is **denied**.

**IT IS FURTHER ORDERED** that Vetaw's motion to sever defendants Campbell and Tate (ECF No. 42) is **denied**.

**IT IS FURTHER ORDERED** that Campbell's motion to sever defendants Gurley and Vetaw (ECF No. 42) is **denied**.

**IT IS FURTHER ORDERED** that Tate's motion to sever Count One (ECF No. 53) is **denied**.

**IT IS FURTHER ORDERED** that Vetaw's motion to sever defendant Gurley (ECF No. 42) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Tate's motion to sever defendants Gurley and Vetaw (ECF No. 53) is **denied**.

The parties' attention is directed to 28 U.S.C. § 636(b)(1)(A), (B), and (C) and Fed. R. Crim. P. 59(a) and (b)(2) whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of service of this recommendation and order or prior to the Final Pretrial Conference, whichever is

earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 10th day of December, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge